**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

UNITED MIDWEST SAVINGS BANK, )
                                 )
     Plaintiff,               )
                                 )
     v.                     )     Cause No.: 4:21-cv-01403-AGF
                                 )
MCGRAW W. MILHAVEN,       )
                                 )
                                 )
     Defendant.          )

## MEMORANDUM AND ORDER

Plaintiff United Midwest Savings Bank has filed a motion for summary judgment with respect to its single claim for breach of contract, arising out of Defendant's alleged failure to pay amounts due and owing in connection with a Small Business Association loan and guarantee.  Defendant has asserted affirmative defenses that include fraudulent inducement based on alleged misrepresentations made by Plaintiff's employees during the loan application and closing processes.

The matter is now  before on Defendant's motion, pursuant to Federal Rules of Civil Procedure 56(d), to allow Defendant an opportunity to take discovery before responding to the summary judgment motion.  Defendant has attached an affidavit of in support of his Rule 56(d) request.

Rule 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or

declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ.

P.56(d). Because "[t]he purpose of Rule 56(d) is to provide an additional safeguard

against an improvident or premature grant of summary judgment," courts have held that

"the rule should be applied with a spirit of liberality," particularly where, as here, the case

is still in the relatively early stages. *Rummel v. Massachusetts Mut. Life Ins. Co.*, No.

4:13 CV 1743 RWS, 2014 WL 1116741, at *1 (E.D. Mo. Mar. 20, 2014) (citations

omitted).

Plaintiff filed its motion for summary judgment shortly after the case was filed and

prior to the deadline for initial disclosures under Rule 26(a)(1) and the commencement of

discovery. Defendant asserts that he should be permitted to obtain discovery on the issue

of the alleged misrepresentations made by Plaintiff's employees. In response, Plaintiff

asserts that the defense of fraudulent inducement fails as a matter of law, so discovery on

the issue is unnecessary.

Upon careful consideration of the parties' briefs and the authorities cited therein,

the Court concludes that Defendant has made at least a good faith showing that discovery

may inform his response to Plaintiff's summary judgment motion. Defendant is entitled

to at least a brief period of time to conduct such discovery in order to prepare a response

to the motion, even if Plaintiff ultimately convinces the Court that the response lacks

merit.

For these reasons, the Court will give Defendant 60 days, or until August 8 2022,

to conduct whatever discovery that he believes is necessary to respond to Plaintiff's

summary judgment motion. The Court will also follow the "usual practice" under Rule

2

56(d), which is to deny Plaintiff's motion for summary judgment without prejudice to

reapply after Defendant has conducted this discovery.  *See* 10B Charles Alan Wright &

Arthur R. Miller, et al., Federal Practice and Procedure § 2740 (4th ed.).  After that time,

Plaintiff may refile its motion for summary judgment, and may advise the Court that it

wishes to incorporate by reference its  previously filed statement of facts and

memorandum in support thereof, or Plaintiff may file a new such statement and

memorandum.  The Court will give Defendant 28 days to respond to the motion, once

refiled, and the Court will not grant any further request under Rule 56(d) by Defendant

absent a showing with specificity that additional discovery is required to respond to the

motion, and good cause why such discovery has not been completed.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Rule 56(d) motion for discovery is

**GRANTED in part**, as set forth above.  ECF No. 21.  Defendant shall have until **August**

**8, 2022**, to conduct whatever discovery that he believes is necessary to respond to

Plaintiff's summary judgment motion.  No further Rule 56(d) request by Defendant will

be granted absent a showing with specificity that additional discovery is required to

respond to the motion, and good cause why such discovery has not been completed.

**IT IS FURTHER ORDERED** that Plaintiff's motion for summary judgment is

**DISMISSED without prejudice** to refiling after the limited period for discovery, as set

forth above.  ECF No. 16.

**IT IS FURTHER ORDERED** that on, or after **August 8, 2022**, Plaintiff may

refile its motion for summary judgment, either incorporating by reference its previously

filed statement of facts and memorandum in support thereof or filing a new supporting

statement and memorandum.  Defendant's response shall be due no later than 28 days

after such a motion is filed; any reply shall be due no later than 14 days thereafter.



_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 7th day of June, 2022.

4