**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED MIDWEST SAVINGS BANK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.: 4:21-cv-01403-AGF |
| | ) | |
| MCGRAW W. MILHAVEN, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## <u>MEMORANDUM AND ORDER</u>

This matter is before the Court on Defendant McGraw W. Milhaven's motion (ECF No. 31) to compel discovery.  The discovery in question relates to Plaintiff United Midwest Savings Bank's renewed motion for summary judgment on its single-count complaint for breach of contract.  The complaint arises out of Defendant's alleged failure to pay amounts due and owing in connection with a Small Business Association loan and guarantee.

 Plaintiff renewed its summary judgment motion pursuant to the Court's Memorandum and Order dated June 7, 2022 (ECF No. 27), in which the Court (1) dismissed without prejudice Plaintiff's  earlier-filed summary judgment motion, (2) granted Defendant's request under Federal Rule of Civil Procedure 56(d) for additional time to conduct discovery before responding to the earlier-filed summary judgment motion, and (3) granted Defendant until August 8, 2022 to conduct whatever discovery he believed necessary to respond to Plaintiff's motion.   The Court further ordered that Plaintiff could renew its motion for summary judgment on or after August 8, 2022, and cautioned that, after that date, the Court would "not grant any further request by Defendant under Rule 56(d) for more time

to respond to a motion for summary judgment absent a showing with specificity that additional discovery is required to respond to the motion and good cause why such discovery has not been completed."  ECF No. 27 at 3..

Defendant thereafter served discovery requests on Plaintiff related to his affirmative defense of fraudulent inducement based on alleged misrepresentations made by Plaintiff's agents during the loan application and closing processes.[1]  Plaintiff largely objected to such discovery on the ground that any representations by Plaintiff's employees or agents outside of the signed loan agreements were irrelevant as a matter of law.  The parties thereafter discussed possible dates for a meet-and-confer with respect to Plaintiff's objections but did not arrive at a mutually agreeable date before Plaintiff filed its renewed motion for summary judgment.  The same day that Plaintiff filed its renewed motion, Defendant asked Plaintiff for a telephone conference to discuss the discovery objections and possible dates for depositions of Plaintiff's corporate representatives and past employees.  However, Plaintiff responded the same day stating that "discovery has closed"[2] and referencing the Court's June 7, 2022.  *See* ECF No. 32-1, Def.'s Ex. A at A-6.

Defendant thereafter filed the instant motion to compel, asking that Plaintiff be compelled to produce complete answers to Defendant's discovery requests and to make available any relevant employees for deposition, and that the Court extend the deadline for Defendant's response to the renewed summary judgment motion until such discovery is

---

[1]    Plaintiff disputes that any such representations were made and further argues that the representations relied on were in fact made by Defendant's broker rather than an agent of Plaintiff.

[2]    Under the Case Management Order, discovery does not close until March 1, 2023.

completed.  Defendant further requests an award of attorneys' fees and costs incurred in filing and litigating the motion to compel.

In response, Plaintiff argues that the motion to compel should be denied as a result of Defendant's failure to meet and confer in good faith as required by Local Rule 3.04 and that, in any event, the motion should be denied because the discovery is irrelevant as a matter of law.

Upon careful consideration of the parties' arguments, the Federal Rules of Civil Procedure, and this Court's Local Rules, the Court will grant Defendant's motion in part.[3] As an initial matter, although the Court agrees that the parties have not complied with Local Rule 3.04, it appears from the record before the Court that both parties contributed to this failure and that direction from this Court will assist the parties in advancing discovery in the most efficient and expeditious manner as possible.

In short, the Court concludes that Defendant is entitled to seek discovery relating to the representations made by Plaintiff's agents regarding the loan process because such discovery is relevant to Defendant's fraudulent inducement defense. Whether that defense will ultimately prevail on the merits is a separate question that may be addressed at the summary judgment stage.  But at this stage, Plaintiff has not demonstrated that the discovery would be disproportionate to the needs of the case or unduly burdensome, particularly given the discrete nature of the loan in question.

The Court expects that Defendant will limit his discovery requests and deposition topics to target the specific issue of what representations were made by Plaintiff's agents

---

[3]         The Court will not award any attorneys' fees or costs related to this motion.

regarding the loan process and that the parties will work cooperatively to complete such discovery promptly.  The Court will not entertain any further motion practice regarding such discovery unless the parties have fully complied with Local Rule 3.04.

The Court will also extend the deadline for Defendant to respond to Plaintiff's renewed summary judgment motion for another 90 days in order to allow the parties to complete such discovery.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion to compel is **GRANTED in part**, as set forth above.  ECF No. 31.  The parties shall promptly meet and confer in good faith to complete discovery regarding any representations made by Plaintiff's agents to Defendant regarding the loan process in question, and shall work cooperatively to complete such discovery promptly. The Court will not entertain any further motion practice regarding such discovery unless the parties have fully complied with Local Rule 3.04.

**IT IS FURTHER ORDERED** that Defendant's response to Plaintiff's renewed motion for summary judgment shall be due within **90 days** of the date of this Memorandum and Order, in order to allow the parties to complete the above-noted discovery.


_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 9th day of September, 2022.